```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

ERIC PECELIN,

                Plaintiff,

vs.                                    Case No.  2:07-cv-380-FtM-29DNF

BLACK & DECKER (U.S.), INC., d/b/a/
Dewalt Industrial Tool Co., KIRKPLAN
KITCHENS AND BATH, FT. MYERS, INC.,
KELLY CARDIN, PETER BALDI,

                Defendants.
_____

## OPINION AND ORDER

     This matter comes before the Court on Plaintiff's Motion to Remand to State Court and For Attorneys Fees (Doc. #16).  Defendant Black & Decker (U.S.) Inc. d/b/a Dewalt Industrial Tool Co. (Black & Decker) filed a Response (Doc. #25) in opposition.  For the reasons stated below, the Court grants the motion.

**I.**

     The Complaint (Doc. #2) was originally filed in state court on June 12, 2006, and removed to the federal district court on June 12, 2007.  The Complaint alleges that Black & Decker designed, manufactured, assembled and sold a table saw to Kirkplan Kitchens and Bath Inc. (Kirkplan Kitchens) prior to September 25, 2002.  On September 25, 2002, while working as an employee at Kirkplan Kitchens, plaintiff was severely injured by the table saw. Plaintiff filed the six count Complaint against Black & Decker and his employer in state court.  The Complaint alleges that plaintiff

and defendants Kirkplan Kitchens, Kelly Cardin, and Peter Baldi are Florida residents, and defendant Black & Decker is a foreign corporation which conducts business in Florida.

Despite the presence of three non-diverse defendants, Black & Decker removed the case from state court on the basis of the federal court's diversity jurisdiction. Black & Decker's Notice of Removal asserts that defendants Kirkplan Kitchens, Kelly Cardin and Peter Baldi were fraudulently joined because there is no possible cause of action against any of them. (Doc. #1, ¶2.) Dewalt further asserts that removal was timely and that the amount in controversy exceeds $75,000 based on the extensive damages requested. (Id. at ¶¶ 5, 7, 8.)

**II.**

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for

removal. <u>Triggs v. John Crumpa Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent, and the Eleventh Circuit has identified three situations where joinder has been deemed fraudulent. <u>Id.</u> Addressing the situation at issue here, the Eleventh Circuit summarized its standard as follows:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a wining case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

<u>Tillman v. R.J. Reynolds Tobacco</u>, 253 F.3d 1302, 1305 (11th Cir. 2001)(citations and quotations omitted). After the Alabama Supreme Court answered a certified question, the Eleventh Circuit re-iterated that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Tillman v. R.J. Reynolds Tobacco</u>, 340 F.3d 1277, 1279 (11th Cir. 2003). Defendant must show by clear and convincing evidence that there is no possibility that plaintiff can establish a cause of action

against the non-diverse defendant. <u>Henderson v. Washington Nat. Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006). Thus, if the state law is unclear, the case must be remanded to state court. <u>Florence v. Crescent Resources, LLC.</u>, 484 F.3d 1293, 1298-99 (11th Cir. 2007).

The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989); <u>Legg v. Wyeth</u>, 428 F.3d 1317, 1322 (11th Cir. 2005)(citing <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 12368, 1380 (11th Cir. 1998)). "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1541-42 (11th Cir. 1997)(internal citation and quotation omitted)(emphasis in original).

### III.

Black & Decker asserts that the claims against the Florida defendants are fraudulent because plaintiff has elected to pursue his rights under the Florida workers' compensation statutes, and is thus precluded from proceeding against his employer or its

officers. However, the Florida Supreme Court in <u>Jones v. Martin Elecs, Inc.</u>, 932 So. 2d 1100, 1105 (Fla. 2006) found that

> an employee who is injured in the workplace during the course and scope of his or her employment and receives workers' compensation benefits, but does not pursue a compensation claim to a conclusion on the merits, may file an action against an employer for that workplace injury under these circumstances if the employer's conduct is to the level of intentional conduct substantially certain to result in injury for which workers' compensation immunity is not available.

The Supreme Court held that Jones had not elected his exclusive remedy under the workers' compensation statute by filing a petition for benefits, completing a pretrial stipulation, and proceeding to a final hearing before the Office of the Judges of Compensation Claims (JCC) where he obtained an increase in the attendant care rate. <u>Id.</u> at 1103, 05-06. The Florida Supreme Court reasoned that "the issue of whether the incident which resulted in [plaintiff's] injuries was compensable or caused by neglect or intent was not litigated pursuant to this petition." <u>Id.</u> at 1106. Thus plaintiff could pursue his civil action against his employer despite having collected workers compensation benefits because plaintiff did not pursue a compensation claim to a conclusion on the merits and there was insufficient evidence of a conscious intent by claimant to elect the compensation remedy and to wive his other rights. <u>Id.</u> at 1107.

In the present case, there is no dispute that plaintiff is collecting workers compensation benefits and has petitioned

-5-

numerous times to alter those benefits, with at least one petition resulting in a written opinion by the JCC. (Docs. ## 1-5; 1-7; 25-2, p. 5.) Black & Decker asserts that Pecelin's nine petitions to alter his workers compensation benefits, along with plaintiff's deposition wherein he testified that the worker compensation claim will continue to go forward until all surgeries are done, are evidence of his intent to forego a civil action against his previous employers, even if plaintiff has not yet settled his workers compensation case. The Court disagrees.

Pecelin petitioned to alter his benefits, and continues to collect them at this time. Pecelin testified that he is currently collecting sixty-six percent of his wages and that the workers compensation insurance carrier is covering his ongoing medical expense. (Doc. #25-2, pp. 5-6.) However, there is no evidence that the issue of whether Pecelin's injuries were compensable or caused by neglect or intentional conduct was litigated pursuant to any of his numerous petitions. Furthermore, Pecelin gave the insurance carrier responsible for paying his workers compensation benefits a lien upon any judgment or settlement he may receive as a result of the instant suit. (Docs. #16, p. 9; #16-4, p.1.) Such a lien at least tends to negate a conscious intent to choose workers compensation benefits to the exclusion of a tort lawsuit. The Court therefore finds that Black & Decker has not shown by clear and convincing evidence that plaintiff can establish no cause

of action against the non-diverse parties. This results in a finding that the non-diverse parties were not fraudulently joined, and therefore the Court lacks subject matter jurisdiction to adjudicate the case. Therefore, the case shall be remanded to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida. Lacking jurisdiction, the Court need not address the jurisdictional amount and the several procedural deficiencies raised by plaintiff.

**IV.**

Also before the Court is plaintiff's request for attorney fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court clarified the standard for awarding attorney fees in removal cases, stating that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Plaintiff's Motion for Remand to State Court and for Attorney Fees only contains one line requesting attorneys fees with no supporting memorandum justifying such a request. (Doc. #16, p. 11.) This is clearly insufficient. Therefore, plaintiff's request for attorneys fees is denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Remand to State Court and For Attorneys Fees (Doc. #16) is **GRANTED** to the extent that the Court finds that it lacks subject-matter jurisdiction. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of November, 2007.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record